**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN P. EDWARDS,<br><br>Plaintiff,<br><br>v<br><br>SECC CHARLESTON MO PRISON, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-cv-00006-MTS |

**MEMORANDUM OPINION**

This matter is before the Court on review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Christian Edwards's action. After careful review, the Court concludes that Plaintiff has not pleaded sufficient facts to show that Defendants were deliberately indifferent to an objective, substantial risk of serious harm to Plaintiff because Plaintiff has not alleged sufficient facts that show Defendants knew of an objective, substantial risk to Plaintiff. *See In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (explaining that a complaint must show the plaintiff is entitled to relief by alleging sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face); *Young v. Selk*, 508 F.3d 868, 872–73 (8th Cir. 2007) (discussing deliberate indifference standard for failure-to-protect claim under the Eighth Amendment).

"Prisons are, by the very nature of many of those persons housed within their walls, dangerous, violent, and oftentimes unpredictable. An unfortunate by-product of our prison system is the incidence of violence between inmates." *Falls v. Nesbitt*, 966 F.2d 375, 380 (8th Cir. 1992). The mere fact that Plaintiff allegedly told some Defendants that he "was having

problems with [his] cellmate," and that his cellmate was "a [h]igher level" offender does not show that Defendants knew of and disregarded a substantial risk that Plaintiff would be assaulted by his cellmate. Doc. [1] at 6; *see Blair v. Bowersox*, 929 F.3d 981, 988 (8th Cir. 2019) (stating "speculative and non-specific" statements to prison officials about danger is not enough); *Jones v. Wallace*, 641 F. App'x 665, 666 (8th Cir. 2016) (per curiam) (noting lack of "specific threat or danger" by cellmate).*

For these reasons, the Court will dismiss this action for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see Hill v. Cate*, 594 F. App'x 446, 447 (9th Cir. 2015) (mem.) (affirming dismissal of Eighth Amendment claim where prisoner "failed to allege facts sufficient to show that defendants knew of and disregarded a substantial risk that [the plaintiff] would be assaulted by his cellmate"). This dismissal, though, will be without prejudice. Dismissing this action without prejudice will allow Plaintiff to bring this action again if he can allege sufficient facts to show that any particular individual knew Plaintiff's cellmate posed an objective, substantial risk to Plaintiff and that the individual deliberately disregarded that risk. A separate Order of Dismissal will be entered herewith.

Dated this 28th day of October 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

* What is more, Plaintiff has not pleaded facts that would overcome Defendants' qualified immunity. *See Smithson v. Aldrich*, 235 F.3d 1058, 1061 (8th Cir. 2000) ("[Q]ualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful 'in light of clearly established law and the information [that the defendant] possessed.'" (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987))); *Story v. Foote*, 782 F.3d 968, 973 (8th Cir. 2015) (affirming dismissal under 28 U.S.C. § 1915A on qualified immunity grounds because inmate did "not allege[] sufficient facts to support a plausible claim that [the incident at issue] violated his clearly established constitutional rights"); *cf. Dillard v. O'Kelley*, 961 F.3d 1048, 1052 (8th Cir. 2020) (en banc) (noting courts should not "define clearly established law at a high level of generality").